```
       IN THE UNITED STATES DISTRICT COURT
          FOR THE DISTRICT OF MARYLAND
```

PRIYANK SHAH                        :

    v.                              :   Civil Action No. DKC 2004-4059

COLLECTO, INC., et al.              :

**MEMORANDUM OPINION**

Presently pending and ready for resolution in this debt collection case is the motion of Plaintiff Priyank Shah for reconsideration, pursuant to Fed.R.Civ.P. 59(e).[1]  The issues are fully briefed and the court now rules pursuant to Local Rule 105.6, no hearing being deemed necessary.  For the reasons that follow, the court denies Plaintiff's motion.

**I.  Background**

This case arose from the reporting of an unowed debt to a collection agency, and the subsequent reporting of that debt to credit reporting agencies.  The undisputed facts are as follows. On February 19, 2003, Defendant University of Bridgeport ("UB") placed Plaintiff's account with Defendant Collecto Inc., doing business as Collection Company of America ("CCA") for collection. On February 20, 2003 and March 20, 2003, CCA sent notices to Plaintiff demanding a payment of the alleged debt.  Plaintiff did

---

[1] Plaintiff states in his reply memorandum that the motion incorrectly referred to Fed.R.Civ.P. 60, but that the proper basis for the motion is actually Rule 59(e).

not receive either of the notices because CCA attempted to contact Plaintiff at an incorrect or prior address. On March 31, 2003, CCA reported the debt to the three major credit reporting agencies ("CRAs"): Experian, TransUnion, and Equifax.

After obtaining Plaintiff's correct contact information, CCA contacted Plaintiff by telephone and sent a renewed collection notice on November 25, 2003. Plaintiff disputed the charge both over the phone and in writing. Plaintiff requested a written verification of the debt, and demanded CCA send notification of his dispute to UB and any CRA to which CCA may have reported the debt. CCA sought verification of the debt from UB on November 26, 2003, and by December 2, 2003, CCA had updated Plaintiff's account to reflect Plaintiff's contentions and informed all three CRAs of the dispute. UB notified CCA on February 9, 2004, that Plaintiff's account had been referred for collection in error, and instructed CCA to delete the account from its records and restore Plaintiff's credit reports. CCA cancelled Plaintiff's account and contacted the CRAs to remove the UB account from Plaintiff's credit report.

Plaintiff filed a complaint against Defendants CCA and UB on December 29, 2004, and he filed an amended complaint on March 4, 2005. In the amended complaint, Plaintiff alleged violations of the Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. §§ 1692d, 1692e, 1692f, and 1692g; the Maryland Consumer Debt Collection Act (MCDCA), Md. Code Ann. Com. Law II § 14-202; and the Fair Credit

Reporting Act (FCRA), 15 U.S.C. § 1681b.  Plaintiff also asserted several tort claims under Maryland state law – defamation, false light invasion of privacy, and negligence.

CCA moved for dismissal of Plaintiff's complaint, or in the alternative, for summary judgment on all counts on February 28, 2005.  On April 14, 2005, Plaintiff filed a Partial Consent Motion for Leave to File a Surreply and a Motion to Stay Decision Pending Discovery.  On September 12, 2005, this court issued an Order and accompanying memorandum opinion denying Plaintiff's motion to stay, granting Plaintiff's motion to file a surreply in part, and granting CCA's motion to dismiss, or, alternatively, for summary judgment.  On September 22, 2005, Plaintiff filed a motion for reconsideration.

**II. Analysis**

Plaintiff asks this court to reconsider its determination that Plaintiff did not proffer any evidence that CCA re-started or continued collection efforts in January 2004.  In the September 12, 2005, memorandum opinion, the court noted that a number of Plaintiff's claims were based on the allegation that CCA unlawfully reported his debt to the CRAs between January 1 and January 29, 2004, after Plaintiff disputed the debt.  To support this assertion Plaintiff relied on his affidavit in which he stated that he checked his credit reports with the three major CRAs between December 2003 and  January 1, 2004, and that none of the reports

listed the alleged UB debt.  However, on January 29, 2004, the UB debt was listed on his credit report as disputed.  Plaintiff argued that this discrepancy proves that CCA "re-started" or "continued" collection efforts after Plaintiff disputed the debt.

Plaintiff relied solely on his affidavit and did not, however, provide a copy of any of his January 1, 2004, credit reports to support his assertions, and the court noted that Fed.R.Civ.P. 56(e) requires that affidavits set forth facts that would be admissible in evidence, and that a plaintiff must attach to his affidavit copies of all papers referenced within it.  The court found that Plaintiff's affidavit violated the best evidence rule and did not set forth admissible facts because he sought to prove the contents of his credit report.  The court stated: "Plaintiff must either produce a copy of the report, or, in order to rely on other evidence of its contents, prove that the report is not available, or show that the report involves a collateral issue – all of which Plaintiff fails to do."  (Paper 24, at 5).  On this basis, the court concluded that Plaintiff had not produced any evidence that CCA took any action to re-start or continue collection efforts in January of 2004.

Fed.R.Civ.P. 59(e) provides that a motion to alter or amend a judgment must be filed no later than ten days after the entry of judgment.  The United States Court of Appeals for the Fourth

4

Circuit, in a very recent case, confirmed that a Rule 59(e) motion will be granted in three circumstances:

> "(1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available at trial; or (3) to correct a clear error of law or prevent manifest injustice." *Pac. Ins. Co. v. Am. Nat'l Fire Ins. Co.*, 148 F.3d 396, 403 (4th Cir. 19[9]8). If relying on new evidence, "a party must produce a legitimate justification for not presenting the evidence during the earlier proceeding." *Small v. Hunt*, 98 F.3d 789, 798 (4th Cir. 1996) (internal quotation marks omitted).

*Ingle v. Yelton*, __ F.3d __, No. 05-1556, 2006 WL 553982, at *6 (4th Cir. Mar. 8, 2006). The Fourth Circuit has noted that "'reconsideration of a judgment after its entry is an extraordinary remedy which should be used sparingly.'" *Pac. Ins. Co. v. Am. Nat'l Fire Ins. Co.*, 148 F.3d 396, 403 (4th Cir. 1998), *cert. denied*, *Am. Nat. Fire Ins. Co. v. Pac. Ins. Co.*, 525 U.S. 1104 (1999) (quoting 11 Wright et al., *Federal Practice and Procedure* § 2810.1, at 124 (2nd ed. 1995). The purpose of a Rule 59(e) motion is not "to enable a party to complete presenting his case after the court has ruled against him" or to "relitigate old matters." *Pac. Ins. Co.*, 148 F.3d at 396. (internal quotation marks omitted).

Plaintiff does not maintain that there was an intervening change in controlling law. Although Plaintiff now attaches his January 1, 2004, Experian credit report, Plaintiff does not assert that this report was not available to him earlier. The only possible basis for reconsideration would therefore be to correct a

5

clear error of law or to prevent manifest injustice.  Neither basis is applicable here.

Plaintiff asserts that he produced sufficient evidence that CCA re-started or continued collection efforts in January 2004. Plaintiff maintains that his affidavit was sufficient to establish the content of his January 1, 2004, credit report and that the court was wrong in requiring him to produce the actual report because it is incompetent hearsay evidence.  Plaintiff also states that summary judgment should have been denied because Plaintiff requested discovery on the issue of what collection efforts CCA made after Plaintiff disputed the debt.

As the court previously noted, Fed.R.Civ.P. 56(e) requires that affidavits "shall set forth such facts as would be admissible in evidence," and that "[s]worn or certified copies of all papers . . . referred to in an affidavit shall be attached thereto or served therewith."  The court explained that Plaintiff's affidavit testimony about the contents of his credit report is not admissible because it violates the best evidence rule.  Therefore, the court could not consider Plaintiff's statements in its resolution of CCA's motion, and Plaintiff offered no other evidence of continued collection efforts in January 2004.

Plaintiff is incorrect in his assertion that the credit report is hearsay in this instance.  Plaintiff is not offering the report to prove the truth of the matter asserted in the credit report –

6

i.e., that Plaintiff did not owe money to UB.  Instead, Plaintiff offers the report to show that the debt was not listed on January 1, 2005.  However, Plaintiff is seeking to prove the contents of the report, which, as the court noted, implicates the best evidence rule.  Moreover, assuming Plaintiff did offer the credit report for its truth, Plaintiff's affidavit testimony about what the credit report says would be double hearsay.  Thus, Plaintiff's assertion that his affidavit testimony is more properly considered than the credit report because of hearsay issues simply is incorrect.

Plaintiff relies on *McMillan v. Experian*, 170 F.Supp.2d 278 (D.Conn. 2001), but the case easily is distinguished.  Unlike here, the plaintiff in *McMillan* attached portions of his credit report to his affidavit.  The plaintiff offered the reports to show that the defendant had accessed his credit reports; thus, the plaintiff offered the reports for their truth, and they were hearsay.  The court concluded however, that the affidavit, along with the credit reports, properly were considered because "defendant has identified nothing that suggests that the credit reports attached to plaintiff's affidavit could not be admitted at trial with the appropriate foundation under the business record exception to the hearsay rules."  Moreover, the *McMillan* court struck portions of the plaintiff's affidavit in which the plaintiff reported what an insurance company had told him, on the basis that it was not supported by any other evidence and was inadmissible hearsay.

7

Here, Plaintiff did not attach his credit report and instead testified to what the report said.  The statements violated the best evidence rule and thus were inadmissible.

It appears that Plaintiff's January 1, 2004, credit report has taken on more weight than it properly deserves.  Even if the court were to consider Plaintiff's January 1, 2004, credit report, it still does not show that CCA reported false information or tried to collect on the disputed debt in January.  There is no dispute that CCA reported the debt to the CRAs in March 2003.  All evidence shows that CCA reported the debt as disputed after receiving Plaintiff's letters in December 2003, an act that was required pursuant to 15 U.S.C. § 1692e(8).  CCA does not contend that it took any affirmative steps to have the debt removed from Plaintiff's credit report following Plaintiff's dispute, nor was such action legally mandated.  The January 29, 2004, credit report accurately reports the debt as disputed.  Plaintiff's January 1, 2004, credit report, when examined in conjunction with the January 29, 2004, credit report, does not show that CCA illegally reported or tried to collect on the debt.  At best, this comparison shows that the January 1, 2004, report was inaccurate because it failed to list the debt at all, and there is no evidence that CCA or any other party took steps to have the debt completely removed from Plaintiff's credit report.  The comparison between the two credit

reports simply does not show that CCA unlawfully reported the UB debt to the CRAs following Plaintiff's dispute.

Plaintiff's argument that the court should not have granted summary judgment because of his discovery request also is unpersuasive. In his motion for reconsideration, Plaintiff states that he needed discovery on whether "CCA communicated false information about this alleged debt to Equifax." In his reply memorandum Plaintiff additionally states that "given a chance at discovery," he "should be able to show that [CCA] did engage in collection activity after January 1, 2004." As the court noted in its earlier opinion, Plaintiff essentially asks for permission to go on a fishing expedition for some evidence that CCA took some illegal action in January 2004, despite the fact that all the evidence in the record, including a detailed account history and an affidavit by John Burns, Vice President of Corporate Services at CCA, shows that CCA did not illegally report Plaintiff's debt to the CRAs following his dispute. Moreover, Plaintiff points to nothing to indicate that the credibility of CCA's evidence is in any way questionable. Plaintiff provides no reason to believe that discovery will produce anything different than the evidence that is already on the record.

The Fourth Circuit's recent decision in *Ingle* does not alter this conclusion. The court noted that "courts should hesitate before denying Rule 56(f) motions when the party opposing summary

judgment is attempting to obtain necessary discovery of information possessed only by her opponent." *Ingle*, 2006 WL 553982, at *4. Further, the district court's grant of summary judgment was premature where the plaintiff sought discovery of a videotape and there was conflicting evidence in the record that the videotape could help to explain; there was a plausible argument that the videotape existed; the videotape was the subject of pending discovery requests previously ignored by the court; and the requested evidence was within the sole possession of the opposing party.  Other discovery, however, was properly denied, where is was not wholly within the defendant's possession, nor separately material.

**III.  Conclusion**

Accordingly, Plaintiff has not shown that the court made a clear error of law, or that his motion must be granted to prevent manifest injustice.  A separate Order, denying the motion for reconsideration, will follow.

                                                /s/
                                  DEBORAH K. CHASANOW
                                  United States District Judge